*R. Choate*, (attorney-general,) for the commonwealth.

---

COMMONWEALTH *vs.* RODOLPHUS C. EDWARDS & another.

The interest of a magistrate in the penalty to be recovered by a complaint made before him, is no ground for arresting judgment, if the facts constituting such interest do not appear on the record.

A complaint under *St.* 1852, *c.* 322, § 14, need not allege that the liquors kept for sale are not imported liquors, in original packages, nor that they are not cider kept for other purposes than a beverage, nor the fruit of the vine for the Lord's Supper ; nor that they are intended for sale in this commonwealth.

THIS was a complaint to the police court of the city of Worcester, alleging that the complainants had reason to believe, and did believe that intoxicating liquors were " by Rodolphus C. Edwards and Freeman G. Bancroft, of said          , kept and deposited in a store, [particularly described,] said liquors being intended for sale by said Edwards and Bancroft, contrary to the provisions of the act concerning the manufacture and sale of spirituous or intoxicating liquors ;

they, the said Edwards and Bancroft, having no authority or appointment to sell the same according to law; whereby said liquors have become forfeited to be destroyed, and said Edwards and Bancroft have become liable to pay a fine of twenty dollars." The defendants were convicted in the police court, and also on appeal in the court of common pleas, September term, 1852, and *Mellen,* J., overruled a motion in arrest of judgment, made for the following reasons, because "1st. The justice who received the complaint and tried the cause, was interested in the judgment thereon. 2d. The complaint does not aver that the defendants intended to sell said liquors in the city or county of Worcester, or state of Massachusetts; nor that said liquors were not imported liquors in original packages, &c. 3d. Nor does it allege that the liquors were not such as the defendants had a right to sell under *St.* 1852, *c.* 322, § 12." The defendants excepted to the ruling.

*J. H. Mathews,* for the defendants.

*R. Choate,* (attorney-general,) for the commonwealth.

SHAW, C. J. This prosecution, for a violation of the liquor law, was commenced before William N. Green, Esq., justice of the police court for the city of Worcester. After a conviction in the police court, an appeal was taken to the court of common pleas, where the defendants, being again convicted by a verdict, moved in arrest of judgment, which motion was overruled. To this decision the defendants took exceptions to this court.

1. The first exception is, that the judge of the police court, before whom the complaint was made, was interested, because, if the judgment should be recovered, it would, by the 8th section of *St.* 1852, *c.* 322, enure to the use of the town or city where the convicted party resides. The court are of opinion that even if such an interest would disqualify a judge, to whom jurisdiction is given by statute, there is no sufficient ground apparent on this record, on which to raise the objection. There is nothing to show that the justice was a tax-paying inhabitant of the city of Worcester, or that the parties complained against resided in the city of Worcester. No objection was made to the jurisdiction of the police

court, in that court; and none was made in the court of common pleas, until after a trial and verdict. This exception, therefore, is not sustained.

2. It was objected to this complaint, that it does not allege that the liquors kept and intended for sale, were not imported liquors, in original packages, nor that they were intended for sale in this commonwealth. We are of opinion that the first part of this objection is answered by the statute itself. By a clause in section 14, the liquors are declared forfeited, and the party keeping them for sale is charged with the penalty, " unless he can prove that said liquors are of foreign production, that they have been imported under the laws of the United States, and in accordance therewith, that they are contained in the original packages, in which they were imported, and in quantities not less than the laws of the United States prescribe, or are kept for sale by authority derived under this act, or are otherwise lawfully kept," &c. The law expressly makes this matter of defence, and places the burden of proof on the defendant, to prove these facts, if he can. This, of course, exonerates the prosecutor from negativing in his averments, such facts as, if they exist, are mere matter of defence. *Commonwealth* v. *Hart,* 11 Cush. 130.

In regard to the latter part of this exception, it is sufficient, we think, to allege generally, that the liquors were kept for sale, without alleging that they were intended for sale in this commonwealth. It is strictly analogous to the case of lottery tickets, kept for sale, which was fully considered and decided. *Commonwealth* v. *Dana,* 2 Met. 329.

3. It was objected, that the complaint does not aver that the liquors kept and intended to be sold, were not cider nor wine kept for special purposes, which were authorized and excepted by the statute. But this is matter of exception, not part of the description of the offence, but matter of defence, and, therefore, need not be negatived. This was decided in *Commonwealth* v. *Hart,* already cited.

*Exceptions overruled.*